IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROOSEVELT BARNES                                                            PETITIONER

VS.                                                     CIVIL ACTION NO. 3:09CV363TSL-JCS

RON KING                                                                RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the court on the motion of respondent Ron King to dismiss pursuant to 28 U.S.C. 2254(b), based on petitioner's alleged failure to exhaust. Petitioner Roosevelt Barnes has filed a motion for summary judgment which the undersigned construes as a response in opposition to the motion, and having considered the motion to dismiss, the undersigned recommends that it should be denied.

On January 14, 2008, Barnes pled guilty to one count of uttering a forgery in the Circuit Court of Pike County, Mississippi. The same day, he was sentenced to serve ten years in the custody of the Mississippi Department of Corrections and was further ordered to complete one year in the Intensive Supervision Program, which if successfully completed would result in the suspension of the remaining nine years of his sentence. Barnes did not appeal the guilty plea.[1] On April 5, 2008, the trial court revoked Barnes' house arrest upon a finding that he failed to

---

[1] By statute, there is no direct appeal from a guilty plea. See Miss. Code Ann. § 99-35-101 ("Any person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty."). Although there is a statutory prohibition against appeals from guilty pleas, the Mississippi Supreme Court has established an exception in cases alleging an illegal sentence. See Burns v. State, 344 So. 2d 1189 (Miss. 1977) (establishing rule that Mississippi Supreme Court had jurisdiction to hear appeal attacking sentence). Pursuant to the exception, a defendant has thirty days in which to file his appeal with the Mississippi Supreme Court.

return to his residence by curfew and had absconded supervision. On October 16, 2008, Barnes filed a motion for post-conviction relief in the trial court, which was denied on February 2, 2009. Barnes likewise failed to appeal the trial court's denial of his post-conviction motion.[2] Thereafter, on June 25, 2009, petitioner filed his § 2254 petition in this court.[3]

Respondent, citing 28 U.S.C. § 2254(b)(1)[4], contends that the court should dismiss the petition to allow Barnes to attempt to appeal the denial of his post-conviction so as to give the state court a fair opportunity to pass on his claims. Petitioner's response does not address this issue, but instead reiterates his desire to be released from the custody of the MDOC. The

---

[2] Mississippi Rule of Appellate Procedure 4(a) requires that "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from."

[3] As the court is unable to determine from the petition, the date on which it was signed, it cannot accord petitioner the benefit of the "mailbox rule" and instead, relies on the date which it was received and filed by the clerk of the court.

[4] This section provides:

(b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

* * *

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

undersigned recognizes, of course, that it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief.  Sterling v. Scott, 57 F.3d 451, 453 (5th Cir.1995), cert. denied, 116 S. Ct. 715 (1996).  As respondent points out, to satisfy the exhaustion requirement, petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims, O'Sullivan v. Boerckel, 526 U.S. 838 (1999), and a  habeas petitioner who has available to him post-conviction remedies, which he has not exhausted, has not asserted a cognizable right to federal habeas relief under § 2254.  See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir.1997).   This being said, a countervailing principle is that of technical exhaustion.  Under the principle of technical exhaustion, when "it is obvious that the unexhausted claim would be procedurally barred in state court, [the court] will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." Sones v. Hargett,  61 F.3d 410, 416 (5th Cir. 1995) (quoting Steele v. Young, 11 F.3d 1518, 1524 (10th Cir.1993)).

Here, where the appeal of both his guilty plea and the denial of post-conviction relief would be untimely, and thus, procedurally barred, it is clear that a return to state court would be futile.  Thus, the undersigned recommends that respondent's motion to dismiss based on petitioner's failure to exhaust be denied.  Respondent's answer, wherein, he may certainly raise the issue of  technical exhaustion as a bar to the court's review of petitioner's claims, should be filed on or before September 30, 2009.  Moreover, the undersigned's recommendation does not preclude a motion to dismiss urged on another basis, such as a statute of limitations bar. Finally, the undersigned recommends that petitioner's motion for summary judgment be denied

in as much as the filing appears to be his response to respondent's motion to dismiss .

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636, <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 12th day of August, 2009.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE