# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**ROOSEVELT BARNES, #52637**                              **PETITIONER**

**versus**                              **CIVIL ACTION NO. 3:09cv363-TSL-MTP**

**RON KING**                              **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the petition of Petitioner Roosevelt Barnes for a writ of habeas corpus under 28 U.S.C. § 2254.  Having considered the record and the applicable law, the undersigned recommends that the petition be dismissed with prejudice.

PROCEDURAL HISTORY

On January 14, 2008, Petitioner pled guilty to one count of uttering a forgery in the Circuit Court of Pike County, Mississippi. He was sentenced to serve ten years in the custody of the Mississippi Department of Corrections and was further ordered to complete one year in the Intensive Supervision Program which, if successfully completed, would result in the suspension of the remaining nine years of his sentence.  *See* Ex. A to Response [12].  Petitioner did not appeal the guilty plea.[1]

---

[1] Direct appeals are prohibited when a defendant enters a guilty plea.  *See* Miss. Code Ann. § 99-35-101 (as amended eff. July 1, 2008) ("Any person convicted of an offense in a circuit court may appeal to the Supreme Court.  However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.").  However, at the time of Petitioner's plea, Mississippi law allowed a defendant to appeal an illegal sentence, as opposed to a guilty plea.  *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *see also Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Rampage v. Thorton*, No. 3:06cv511-TSL-JCS, 2007 WL 1087485, at *2 (S.D. Miss. March 15, 2007).  The Mississippi Court of Appeals has since recognized that this exception no longer applies due to the amendment of Miss. Code Ann. § 99-35-101, effective July 1, 2008.  *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that Miss. Code Ann. § 99-35-101 (Supp. 2009), was amended effective July 1, 2008, to

On April 5, 2008, the trial court revoked Petitioner's house arrest upon a finding that he failed to return to his residence by curfew and had absconded supervision.  *See* Ex. B to Response [12].

On October 16, 2008, Petitioner filed a motion for post-conviction relief ("PCR") in the trial court, raising the following grounds: the trial court failed to consider his prior felony, gave him an illegal suspended sentence, and improperly revoked his suspended sentence.  *See Barnes v. State*, 46 So. 3d 855, 856 (Miss. Ct. App. 2010) (listing grounds raised in PCR); *see also* Ex. C to Response [12].  The trial court denied Petitioner's PCR on February 2, 2009, reasoning that Petitioner did not intend to seek a harsher sentence and that he made an intelligent, knowing, and voluntary guilty plea and was given a reasonable sentence for his forgery conviction.  *See* Ex. C to Response [12].

On November 7, 2008, Petitioner made another filing in the trial court, alleging his indictment was defective and requesting a copy of his sentencing order and indictment.  *See Barnes*, 46 So. 3d at 856-57 (listing grounds raised in second PCR); *see also* Ex. D to Response [12].  The trial court denied the second PCR for the following reasons: (1) the PCR was successive and procedurally barred; (2) Petitioner was not entitled to the requested documents free of charge without showing a specific need or the necessity of the documents for a specific issue; and (3) Petitioner's knowing, intelligent, and voluntary guilty plea waived any right to arraignment and a jury trial.  *See* Ex. D to Response [12].

Petitioner made a third filing in the trial court on March 16, 2009, entitled "Petition to

---

prohibit any direct appeal upon entry of a guilty plea, but recognizing that "prior to the amendment of the statute, a defendant, who entered a guilty plea and was sentenced, was allowed to challenge on direct appeal any sentence imposed as a result of his guilty plea").

Dismiss Indictment," alleging that his sentence exceeded the statutory maximum, his right to a speedy trial had been violated, and his indictment was defective.  *See Barnes*, 46 So. 3d at 858 (listing grounds raised in third filing).  It is unclear whether this third petition was ever addressed by the trial court.

Petitioner appealed the trial court's dismissal of his first PCR, but did not do so until August 21, 2009, over six months after the trial court's order denying the PCR.[2] *Barnes*, 46 So. 3d at 857–58.  On November 2, 2010, the Mississippi Court of Appeals dismissed his appeal, stating "Because Barnes does not show good cause under Rule 2(a) for filing his notice of appeal 201 days after the entry of order denying his motion for post-conviction relief, we must dismiss his appeal for lack of jurisdiction."  *Id.*

Petitioner filed his federal habeas petition in this court on June 25, 2009, raising the following ground: double jeopardy (he claims he was sentenced twice for the same offense). Respondent claims Petitioner's claim is procedurally defaulted and should be dismissed.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), to which this case is subject,[3] specifies that exhaustion of a claim in state court is required for a federal court to consider the claim:  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State... ."  28 U.S.C. § 2254(b)(1)(A).

---

[2]*See* Miss. R. App. P. 4(a) (allowing thirty days after the entry of judgment or order appealed from to file a notice of appeal).

[3]*See Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir. 2002).

To satisfy this requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *O'Sullivan,* 526 U.S. at 844. Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 620 & n.6 (5th Cir. 2000).

Petitioner failed to raise the ground in the instant petition (double jeopardy) in any of his PCR motions filed with the trial court. Thus, Petitioner did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 845; *see also* 28 U.S.C.§ 2254(c) (stating that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Moreover, any attempt by Petitioner to file a another PCR motion would be dismissed as a successive writ. *See* Miss. Code Ann. § 99-39-27(9). Petitioner's claim is, therefore, procedurally defaulted. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."); *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998)) (stating that when federal habeas claims

4

"are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts ... [,] there is no substantial difference between nonexhaustion and procedural default"); *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen...state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims").

Alternatively, to the extent Petitioner's federal claim can be construed as being raised in his initial PCR, the claim remains procedurally defaulted. The trial court dismissed Petitioner's PCR on February 2, 2009. Thereafter, the Mississippi Court of Appeals dismissed Petitioner's appeal, finding that he failed to show good cause under Rule 2(a) for filing an untimely notice of appeal. *Barnes*, 46 So. 3d at 857–58. By failing to timely appeal the dismissal of his PCR, Petitioner did not "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 840-41, 844-45, 847-48 (holding that failure to timely raise claims in petition for leave to appeal to state's highest court (that had been raised before the intermediate appellate court) resulted in a procedural default of those claims); *see also* 28 U.S.C.§ 2254(c).

Additionally, as the time for exhausting his claim has passed,[4] Petitioner no longer has the ability to exhaust his claim. Petitioner's failure to timely seek such review results in a procedural default of his federal habeas claim and a bar to its review by this court. *See O'Sullivan,* 526 U.S. at 848 (holding that failure to present claim to state's highest court in timely manner results in procedural default of those claims); *see also Jones*, 163 F.3d at 296

---

[4]*See* Miss. R. App. P. 4 (allowing thirty days from the date of entry of the judgment or order for filing a notice of appeal).

(quoting *Magouirk*, 144 F.3d at 358) (stating that when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts ... [,] there is no substantial difference between nonexhaustion and procedural default"); *Sones,* 61 F.3d at 416 (stating that "[w]hen...state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims").

Where a habeas claim is procedurally barred, it may be considered on the merits by a federal court under two narrow exceptions: "cause and actual prejudice" or "fundamental miscarriage of justice."  *See Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (making this rule "explicit").

To prove cause sufficient to excuse default, Petitioner must establish that some external impediment prevented him from raising the defaulted claim:  "'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753.  Petitioner has failed to allege, much less establish, that an external impediment prevented him from timely presenting his claim to the highest state court in a procedurally proper manner.[5]  As Petitioner has failed to show cause, this court "need not consider whether there is actual prejudice."  *Saahir v. Collins*,  956 F.2d 115, 118 (5th Cir.

---

[5]Petitioner did not file a traverse or rebuttal in response to Respondent's argument that his claim is procedurally barred.  However, in his Petition [1], he states that his claim has not been presented to the state's highest court due to ineffective assistance of counsel.  *See* Petition at 12, ¶ 13.  However, attorney error cannot constitute cause because there is no constitutional right to counsel for discretionary review. *Jackson v. Johnson*, 217 F.3d 360, 364 (5th Cir. 2000); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

1992).

In addition, Petitioner cannot establish that failure of this court to consider his claim would result in a "fundamental miscarriage of justice." The fundamental miscarriage of justice exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Petitioner does not claim that he is "actually innocent" of the violations which led to his supervised release revocation. Accordingly, his claim is procedurally barred and habeas relief must be denied.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Petitioner's petition be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 16th day of December, 2011.

s/ Michael T. Parker
United States Magistrate Judge

8